UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CARLBERT A. WHITE,

    Plaintiff,

v.

CHILDREN'S NETWORK OF SOUTHWEST FLORIDA, L.L.C., A FLORIDA LIMITED LIABILITY COMPANY;

    Defendant.

Case No. 2:24-cv-697-KCD-NPM

## ORDER

Before the Court is Defendant Children's Network of Southwest Florida LLC's motion to dismiss the complaint under Federal Rule of Civil Procedure 41(b). (Doc. 57.)[1] Defendant makes a straightforward—and frankly understandable—argument: Plaintiff Calbert White has missed several deadlines and is frustrating this case. He did not respond to the motion to dismiss his latest pleading, nor did he respond to the motion for attorney's fees. In Defendant's view, that silence is enough to pull the plug on this entire litigation for failure to prosecute. (*Id.* at 6-7.)

But there is a twist. Since Defendant filed its motion, White has finally broken his silence and filed the missing response brief. (*See* Doc. 64.) So, the

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

question now is whether the Court should end this case because of delay, or whether we should get down to the business of deciding the legal issues.

Rule 41(b) is a heavy hammer. It allows a court to dismiss an action if the claimant fails to prosecute or comply with court orders. *See Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1338 (11th Cir. 2005). But in this circuit, and really across the federal judiciary, we do not reach for that hammer lightly. Dismissal with prejudice is a "sanction of last resort" reserved for "extreme circumstances." *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). It is generally better to resolve cases on their merits rather than procedural stumbles. *See Fla. Physician's Ins. Co. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993) ("[D]efaults are seen with disfavor because of the strong policy of determining cases on their merits.")

To be clear, the Court is not giving White's counsel a gold star for their performance here. The record shows a series of missed deadlines and a certain begrudging approach to the meet-and-confer process. That is not how federal litigation is meant to work. But because the missing pleadings have now been filed, the undue delay that Rule 41(b) seeks to prevent has been mitigated. We now have the papers we need to decide the actual legal sufficiency of White's claims.

The Court prefers to speak to the law, not just the calendar. Because the litigation can now proceed to a decision on the merits, the drastic sanction of dismissal is not yet warranted.

For these reasons, it is **ORDERED**:

1. Defendant's Motion for Decision on Unopposed Motions to Dismiss Plaintiff's Second Amended Complaint and for Attorney Fees or Alternatively for Dismissal Under Rule 41(b) (Doc. 57) is **DENIED**.

2. The Court will address Defendant's pending motion to dismiss in due course, taking into account White's recently filed response.

**ENTERED** in Fort Myers, Florida on January 8, 2026.

*[signature]*

Kyle C. Dudek
United States District Judge